FILED
FEB - 2 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TORIAN MOORE, ) | JUDGE CASTILLO |
| Plaintiff, ) | 06C 0626 |
| vs. ) | No.: |
| NORTHEAST ILLINOIS REGIONAL ) | Trial By Jury Demanded |
| COMMUTER RAILROAD CORPORATION, ) | |
| d/b/a METRA – METROPOLITAN RAIL, ) | MAGISTRATE JUDGE LEVIN |
| Defendant. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, TORIAN MOORE, by and through his attorneys James T. Foley and HOEY & FARINA, P.C., and for his Complaint against the Defendant, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a METRA – METROPOLITAN RAIL (hereinafter METRA), states as follows:

1. Jurisdiction of this Court is invoked under the provision of Title 45 U.S. Code § 56 and Title28 U.S. Code § 1331.

2. This action arises under and the rights and liabilities of the parties to this cause are governed by the Federal Employers' Liability Act 45 U.S. Code § 57 et seq., and amendments thereto.

3. At all times herein, the Defendant, METRA, was and is a railroad corporation doing business in the State of Illinois.

4. At all times herein, the Defendant METRA, was a common carrier by railroad engaged in Interstate Commerce.

5. On March 30, 2005 at or about 6:35 A.M., the Defendant METRA owned, maintained and operated a railroad yard commonly known as the Blue Island yard, Blue Island Depot, in Blue Island, Cook County, Illinois.

6. On March 30 2005 at or about 6:35 A.M., the Plaintiff was performing work for the Defendant in connection with or in furtherance of Defendant's business of Interstate Commerce. Plaintiff was assigned to work yard job 701, and his Federal Hours of Service began at 6:00 a.m.

7. On March 30, 2005, at or about 6:35 A.M., the Defendant METRA owned, managed, maintained and used as a part of its railway system a facility known as the Blue Island Yard, also known as the Blue Island Depot, including a parking lot located at approximately mile post 16.1, the lot being identified as the Blue Island employee parking lot in the city of Blue Island, County of Cook and State of Illinois.

8. On March 30, 2005 at or about 6:35 A.M., at the place identified above in paragraph seven, Defendant METRA had a non-delegable duty to provide the Plaintiff with a reasonably safe place to work; and to provide reasonably safe conditions in which to work.

9. In the course of his duties as a conductor for Defendant METRA, at the time, date and place alleged, Plaintiff was required to park his vehicle in the METRA parking lot identified as the Blue Island Employee Lot, and after parking his car, and attempting to walk through the Blue Island Employee lot to board the 6:35 A.M. train, upon which he was intending to board to arrive at his assigned position, Plaintiff TORIAN MOORE, stepped on or around a manhole or drainage cover, which collapsed, causing a large hole that collapsed even more when Plaintiff stepped on it causing his left

foot, ankle and leg to fall into the hole, resulting in severe and permanent injury to his left foot, ankle, leg and other parts of his body.

10. As a result of stepping into, and falling into and on the hole and defective drainage device in the parking lot, Plaintiff was severely and permanently injured.

11. It was the continuing duty of the Defendant, as employer, at the time and place in question to provide Plaintiff with a reasonably safe place to work; to provide reasonably safe conditions in which to work; and to provide reasonably safe and efficient facilities for its employees to work.

12. In violation of its duty, Defendant failed to provide Plaintiff with a safe place to work by committing one or more of the following acts or omissions:

    (a). Failed to properly inspect, maintain, and repair its parking lots, including sewers, drainage systems, manholes, so that the same could be used safely by its employees;

    (b). Negligently and carelessly failed to properly inspect, maintain and repair its parking lots, including sewers, drainage systems, manholes, so that they did not pose a hazard to employees that were required to transverse the area;

    (c). Negligently and carelessly allow the area around the sewer, drainage system, manholes in the Blue Island Employee parking lot to erode, and develop holes, resulting in hazardous, unsafe conditions for Defendant's employees that were required to transverse the area;

(d). Negligently and carelessly failed to repair the area around the sewer, drainage system and manholes in the Blue Island Employee Parking lot, when it had actual notice of the defective, dangerous, hazardous conditions.

(e). Failed to exercise ordinary care to furnish Plaintiff with a level parking lot, free from holes, eroded spots, depressions, cracks and loose dangerous gravel and surface.

(f). Negligently and carelessly failed to warn Plaintiff of the poor ground conditions in the area; the eroded spots in the parking lot; the holes, and other dangerous and hazardous walking conditions, when timely warning would have averted injury to Plaintiff when Defendant had actual notice of the defective hazardous condition;

(g). Failed to properly inspect the parking lot surface and area around the sewer, drainage system and manholes, when ordinary inspection would have revealed that they contained hazardous, dangerous footing and walking conditions;

(h). Failed to maintain and repair the parking lot surface when it knew or should have known and foreseen that Plaintiff would be subject to jeopardy of injury while walking in the are complained of;

(i). Failed to properly illuminate the Blue Island Employee Parking lot, when proper lighting could have averted injury to Plaintiff;

(j). Otherwise failed to exercise ordinary care to provide Plaintiff with a safe place to work.

13. Defendant METRA's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff's injury.

14. As a direct and proximate cause of the foregoing, Plaintiff incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has been and will in the future be kept from attending to his ordinary affairs and duties and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

15. Plaintiff demands a trial by jury.

WHERFORE, Plaintiff, TORIAN MOORE, demands judgment in his favor and against Defendant, METRA, in a sum in excess of $100,000.00 plus the costs of this suit.

Respectfully submitted,
Torian Moore

By: _____

James T. Foley
HOEY & FARINA, P.C.
542 South Dearborn
Suite 200
Chicago, Illinois 60605
(312) 939-1212